## SCOBEL *v.* CRISSWELL.

APPEAL from the *Dearborn* Common Pleas.

ELLIOTT, J.—*Crisswell* brought suit before a justice of the peace against *Scobel*, a tenant, to have him removed from certain lands, alleging that he was unlawfully holding over after the expiration of his lease. After a trial and judgment before the justice, the case was appealed to the Court of Common Pleas of *Dearborn* county. In the latter court there was a trial by jury, and a finding for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

The evidence is all in the record. It appears from the evidence that the premises in dispute were leased to the

appellant by one *Clark*, then the owner thereof, who afterward sold and conveyed them to *Crisswell*, the plaintiff below.

*Clark* was called as a witness on the part of the plaintiff, and testified that he leased the premises to *Scobel* for one year from the 1st day of *March*, 1864. *Scobel*, in his own behalf, testified that he leased the premises from *Clark* for the period of two years from the 1st of *March*, 1864, if he wished to occupy for that period. There was some other evidence tending to corroborate the statements of *Clark*, and we cannot say that the verdict is not sustained by the evidence.

On the trial, *Clark* testified that sometime after he leased to *Scobel*, he drew up two copies of a memorandum of the lease, and sent one of them, not signed, to *Scobel*, and retained the other copy. After *Clark* had testified as to the terms of the contract, the plaintiff offered *Clark's* copy of the written memorandum in evidence, but the court refused to permit it to be given in evidence to the jury, but permitted *Clark* to look at it for the purpose of refreshing his memory. *Clark* then remarked that it corresponded with his recollection.

Before the jury retired, *Scobel* moved the court to instruct them as follows: "The written memorandum referred to was never signed by the parties and is not in evidence before you. It was of no force between the parties, and should be wholly disregarded by you in determining what the contract between the parties was." The instruction was refused. The court had refused to permit the memorandum to be given in evidence and it was not before the jury; they knew nothing of its contents, and unless an effort had been made in argument before the jury to make an improper use of it, and nothing of the kind is shown by the record, there was no necessity that the court should give to the jury any instruction on the subject. It was proper that the court should permit *Clark* to look at the memorandum to refresh his recollection, if he desired, but it does not seem

to have been used even for that purpose, as he had fully stated the terms of the lease before his attention was directed to it, and made no change in his statements afterward.

We think there was no error in the refusal of the court to give the instruction.

The judgment is affirmed, with costs.

*Schwartz* and *Givan*, for appellant.

*F. Adkinson*, for appellee.